of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**ZHENG XING LIU, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 08–0328–ag.**

United States Court of Appeals, Second Circuit.

June 23, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. PIERRE N. LEVAL, Circuit Judges.

Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Zheng Xing Liu, a native and citizen of the People's Republic of China, seeks review of a December 28, 2007 order of the BIA, affirming the February 27, 2007 decision of Immigration Judge ("IJ") Noel A. Ferris, denying his motion to reopen. *In re Zheng Xing Liu,* No. A73 053 718 (B.I.A. Dec. 28, 2008), *aff'g* No. A73 053 718 (Immig. Ct. N.Y. City Feb. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Liu's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Liu argues that the BIA erred by relying on its precedential decisions to conclude in summary fashion that he failed to demonstrate a material change in country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish materially changed country. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Similarly, the BIA's determination that Liu was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).